28934. MOSS *et al. v.* BYRD TIRE & BATTERY CO.

DECIDED MAY 8, 1941.

*Claud R. Caldwell, J. Paul Stephens,* for plaintiffs in error.
*Fleming & Fleming,* contra.

SUTTON, J. The Byrd Tire & Battery Company foreclosed against Katie Moss and Willie Drayton a retention-title contract to certain personal property, by making an affidavit, before the clerk of the municipal court of Augusta, that the amount due thereon was $39.90; and thereupon the clerk issued an execution for said sum and costs. The defendants filed an affidavit of illegality, in which they alleged that the retention-title contract on which the execution was based had been paid in full, and that they held the plaintiff's receipts therefor. It was stated in the affidavit of illegality: "Affiant demands trial by jury of the issues of fact."

The case came on for trial, and after a jury had been empaneled counsel for the defendants made a motion that a verdict for them be directed, on the ground that the plaintiff in the foreclosure proceeding had failed to traverse in writing the affidavit of illegality. This motion was overruled. The plaintiff introduced evidence to prove the indebtedness of the defendants to the plaintiff, for which the retention-title contract was given. The defendants offered no evidence, but moved for dismissal of the proceedings, on the ground that a mortgage could not be foreclosed unless there was a promissory note evidencing the indebtedness covered by the mortgage. This motion was overruled. The jury returned a verdict against the affidavit of illegality. The defendants excepted, assigning error on the two rulings just stated.

■ It is never error to refuse to direct a verdict. This principle of law controls the first assignment of error, adversely to the contention of the plaintiffs in error.

■ The second assignment of error is also without merit. The retention-title contract here foreclosed as a chattel mortgage was executed by the defendants to the plaintiff, and it was therein stipulated and agreed that they obligated themselves to pay to the plaintiff a stated amount for the property therein described; and the plaintiff introduced evidence on the trial to show the amount of the indebtedness then due by the defendants to the plaintiff under this contract.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*